WILLIAM A. PORTER and others, executors,

*v.*

RUSSELL T. TRALL.

1. A non-resident testator held a mortgage on lands in the county
of B., in this state.—*Held*, that the mere filing of an exemplified copy
of his will in the surrogate's office of B. county, does not qualify the
executors to maintain suit to foreclose such mortgage, their right
being objected to in the answer. They should take out letters testa-
mentary.

2. *Query*, Whether a corporation can be an executor in New Jersey ?

---

Bill to foreclose. On final hearing on pleadings and
proofs.

*Mr. G. S. Cannon*, for complainants.

*Mr. J. Buchanan*, for defendant.

THE CHANCELLOR.

The complainants, William A. Porter and " The Fidelity Insurance, Trust and Safe Deposit Company of the City of Philadelphia," as executors of Charles Macalester, deceased, late of Philadelphia, filed their bill to foreclose a mortgage on land in Burlington county, given by the defendant to Mr. Macalester.   By their bill they state that they have proved the will in the state of Pennsylvania, and have duly taken upon themselves the burthen of the execution thereof. They also state that they have filed a true copy of the will, duly exemplified, in the surrogate's office of Burlington county ; but they do not state that letters testamentary have been issued to them in this state, and, indeed, they admit that none have been.   By his answer the defendant, among other things, sets up the defence that the complainant company is not, because it is a corporation aggregate, capable of being an executor ; and that, if it be conceded that it is capable, the complainants are not. authorized, by the laws of this state, to bring this suit.

It is not necessary to consider the question of capacity. It is clear that the probate granted in Pennsylvania does not qualify the complainants to bring this action.   *Clymer* v. *James* (*I. H. Williamson, C.*), *Oct.* 1824 ; *Pelletreau* v. *Rathbone, Sax.* 331 ; *Normand's adm'r* v. *Grognard*, 2 *C. E. Gr.* 425 ; *Story's Confl. of Laws* § 513.   The complainants, however, insist that, inasmuch as the will is recorded in this state, the complainants may maintain this suit, without having obtained letters testamentary here.   This is an error. The provision of the twenty-fourth section of the orphans court act (*Rev.* p. 757) that the record of a foreign will admitted to probate by exemplification as provided in that act, and duly certified copies thereof, shall be evidence in the same manner, and have the same force and effect, in all

courts of law and equity, as such record or copies would have if the will had been proved in the usual manner under the laws of this state, cited and relied upon on the hearing, manifestly gives no support to the position.

The bill will be dismissed, with costs; but, of course, without prejudice to the *commencement* of a new suit by a representative or representatives of Macalester duly authorized so to do.